UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ABDEL FATTAH,      :
        Plaintiff      :
                 :
    v.      :    CIVIL NO. 4:CV-04-2346
                 :
                 :    (Judge McClure)
ED RENDELL, ET AL,      :
        Defendants      :

## ORDER

January 30, 2006

**Background**

    This pro se civil rights action was filed by Abdel Fattah, an inmate presently confined at the State Correctional Institution, Camp Hill, Pennsylvania (SCI-Camp Hill). On December 1, 2004, Fattah's in forma pauperis application was denied. Following Plaintiff's payment of the required filing fee, service of the complaint was ordered. However, due to Plaintiff's failure to pay the cost of service of process, the United States Marshals Service has not effected service of the complaint.

    By Order dated July 11, 2005, Plaintiff's motion (Record document no. 11) requesting that he be excused from having to serve the Defendants with copies of his court filings was deemed withdrawn under M.D. Pa. Local Rule 7.5. Fattah

responded by filing a motion for reconsideration.  <u>See</u> Record document no. 21.

In order "to better understand Fattah's current financial situation, and to properly consider his motion for reconsideration," this Court issued an order on November 22, 2005 which directed the Plaintiff to file a current, duly certified copy of his prisoner trust account, including a transactional record from October 26, 2004 to date.  The Court further advised Fattah that upon receipt of his prisoner trust account, his motion for reconsideration would be reviewed.

Although two (2) months have passed since the entry of the Court's Order, there has been no response from the Plaintiff.  Furthermore, the United States Marshals Service has informed the Court that Plaintiff has still not submitted payment to cover the costs of service.

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

In <u>Poulis</u>, the Third Circuit instructed the district court to consider six (6) factors in considering whether to dismiss a complaint with prejudice where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within

2

deadlines set by the Court: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

Due to the Plaintiff's prolonged failure to pay the costs of service and his failure to respond to this Court's November 22, 2005 Order, this matter cannot proceed.  Furthermore, Fattah's failure to respond to the Court's November 22, 2005 Order prevents further review of his pending reconsideration motion.  Based on the Plaintiff's continued inaction, an application of the Poulis factors weighs in favor of dismissal.   This Court is satisfied that based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted.  Consequently,

**IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's failure to respond to the Order of November 22, 2005, and pay the costs of service is deemed a failure to prosecute this action.

    2.    In accordance with Federal Rule of Civil Procedure 41(b), Plaintiff's action is hereby dismissed, without prejudice.

3. Plaintiff's motion for reconsideration (Record document no. 21) is dismissed as moot.

4. The Clerk of Court is directed to provide the United States Marshal's Service with a copy of this Order.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge